1998 OK JUD ETH 21

## JUDICIAL ETHICS OPINION 1998-21.

### No. 1998-21.

Oklahoma Judicial Ethics Advisory Panel.

Decided Oct. 12, 1998.

Filed: Nov. 24, 1998.

QUESTION: May a judicial candidate publicly inform others of the political party affiliation of his opponent? For example, may a judicial candidate publicly inform a Republican Club that his opponent is a Democrat, without publicly revealing his own party affiliation? If the answer is No, what public response, if any, may the opponent give to this public disclosure.

WE ANSWER: NO.

Title 20 O.S. Section 1404(6), states that a candidate for a judicial office may not make publicly known his political party affiliation either directly or by implication. Canon 2A of the Code of Judicial Conduct provides, "A Judge should respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

The intent of the Statute cited above, and the intent and spirit of the Code of Judicial Conduct, are to keep partisan political affiliation completely removed from judicial elections. For a judicial candidate to publicly inform a Republican Club that his opponent is a Democrat indicates that the candidate is implying that he or she is of one political party, which is a violation of the Statute. That is, the candidate cannot suggest political party affiliation by *implication*.

A judicial candidate who is a victim of the improper statements of an opponent concerning political affiliation must remain silent on the matter despite the violation by the opponent. A candidate might advise an audience that disclosure of political party affiliation is unlawful.

/s/ Robert L. Bailey, Chairman

/s/ Robert A. Layden, Vice Chairman

/s/ Milton C. Craig, Secretary